## GEORGE BATES v. THE STATE.

The law gives the accused, (in capital cases,) the right of having a list of the jurors summoned upon the original (special) venire served upon him at least one day before the trial is commenced. (Hart. Dig. Art. 488.) The object is to enable him the better to exercise his right of challenge. It is a valuable right which is not to be denied the accused.

For good cause, over which the Court has no control, as sickness or the like, the Court may discharge a person summoned on a special venire in a capital

case, although the effect may be to prevent the prisoner from selecting him upon his jury. But the Court ought not, by its own action, to place such jurors in a situation which itself would constitute an occasion for afterwards discharging them, and denying the prisoner the right of selecting his jury from the list furnished him.

Where twelve of the special venire, in a capital case were out as jurors upon another cause, and the remaining twenty-four being exhausted without completing the jury, the Court ordered the other twelve to come into Court, and caused them to be called as jurors, and as they were called the State and the prisoner accepted each of them, after which the Court asked each of them, when called and accepted, if he was on the jury in the other cause, and if he and his fellows had agreed on their verdict, and each answered that they had not, and the Court discharged each of them for cause, and when the last was called ordered them to retire and consider of their verdict, and then ordered a special venire, returnable instanter, for twenty-four jurors, from which, when returned, the State and defendant selected a full jury ; it was held that the proceeding was erroneous ; and the judgment, being against the prisoner for manslaughter, was reversed, and the cause remanded for a new trial.

Appeal from Rusk. Tried below before the Hon. Charles A. Frazer.

Indictment for murder ; conviction of manslaughter. Bill of exceptions as follows : The jurors summoned in this case being called, twenty-four of the same answered, appeared, were duly sworn, tried and qualified, and a portion of the same accepted as jurors by the State and prisoner, but not a full jury of twelve men selected from them. It was then made known to the Court by the Sheriff, that the remaining twelve of the original venire were on the jury in the case of Nash and wife against March and Wolverton, pending in this Court, who were out considering of their verdict ; and the counsel for the State and prisoner refusing to waive their right to select a jury from the original venire, the Court ordered said jury to be called, and after they came into Court and were tried and qualified as jurors, each of their names was called as recorded on the venire, and as called the State and the prisoner accepted each of them, and the Court, after each of them was so accepted, asked each of them, when called and accepted, if

he was on the jury in the case of Nash and wife against March and Wolverton, and if he and his fellows had agreed on their verdict, and each answered that they had not, and the Court discharged each of them for cause ; and when the last was called, the Court ordered them to retire and consider of their verdict ; and the Court then ordered a special venire, return-able instanter, for twenty-four jurors, and from the same when returned the State and prisoner selected a full jury in the case against said prisoner.

*Attorney General*, for appellee.

WHEELER, J.   The law gives the accused the right of hav-ing a list of the jurors summoned upon the original venire, served upon him at least one day before the trial is commenced. (Hart. Dig. Art. 488.)   The object is to enable him the better to exercise his right of challenge.   It is a valuable right, which is not to be denied the accused.   It is true, it may be defeated, in whole or in part, by the non-attendance of the jurors ; and, doubtless, after their attendance the Court may discharge one or more of them for cause.   But it will be readily admitted that the cause which will excuse ought not to be occasioned by the action of the Court in derogation of the prisoner's right, but by something over which the Court had no control ; as the sickness of the juror, or a member of his family, or some such matter.   For such causes the Court might discharge a juror, though the effect should be to prevent the prisoner from selecting him upon his jury.   But surely the Court ought not, by its own action, to place the jurors in a situation which itself would constitute an occasion for after-wards discharging them and denying the prisoner the right of selecting his jury from the list furnished him.   Especially the Court ought not to discharge the jurors for such a cause after they had been put upon the prisoner and he had actually elect-ed to take them to pass upon his case.   The exercise of the power in this instance is deemed scarcely compatible with the

right given by the law : for if twelve of the list may be thus disposed of by the Court, so may the whole list be exhausted, and the prisoner's right would be thereby defeated ; and not by any casualty over which the Court had not control, but by the gratuitous action of the Court itself.   From this consideration, without adverting to others, we deem it sufficiently apparent that such a practice cannot be maintained ; and are of opinion that the Court erred in the matter in question.   The jurors summoned for this case, ought not to have been charged with the trial of another, until regularly discharged from this ; and if, from inadvertance, they had been impanneled for the trial of another case, they should, when called in this, have been at once discharged from the  consideration of the other case, or the trial should have been  postponed until they were discharged.

We deem it unnecessary to pass definitively upon the sufficiency of the indictment.   Its sufficiency is at least doubtful, under the rules of the Common Law in force when it was found : and it will be advisable for the District Attorney to enter a *nolle prosequi* upon this and prefer a new indictment.

The judgment is reversed and the case remanded.

Reversed and remanded.